UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALLANSON LIGHTING TECHNOLOGIES, INC.,

                        Plaintiff,

v.

CHIKEE ELECTRICAL MOTOR & APPLIANCE
INDUSTRIAL CO., Ltd.,

                        Defendant.

Case No.: 24-cv-01097

---

# REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STAY

 

**HODGSON RUSS LLP**
*Attorneys for Defendant, Chikee Electrical
Motor & Appliance Industrial Co., Ltd*
Jodyann Galvin
Charles S. Rauch
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
716.856.4000

## **TABLE OF CONTENTS**

PAGE

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

I.       REEXAMINATION SIMPLIFIES THE ISSUES BEFORE THIS COURT ..........2

       A.       The Familial Relationship Between Asserted Patents
              Necessarily Impacts Claim Construction ................................................3

       B.       Allanson's Proposed Withdrawal Will Not
              Remove the Utility Patents from this Case .............................................6

       C.       The Reexamination Prior Art is Relevant to
              Design Patent Validity .............................................................................6

II.      ALLANSON SUFFERS NO PREJUDICE FROM A STAY ................................7

       A.       Allanson Cannot Leapfrog
              Validity to Get to Damages .....................................................................7

       B.       Allanson's Lack of Diligence
              Vitiates Its Claim of Prejudice .................................................................8

III.     ALLANSON HAS NO LEGITIMATE RESPONSE
       REGARDING THE STAGE OF LITIGATION .....................................................9

IV.     POINT III IS UNRELATED TO THIS MOTION .................................................9

CONCLUSION ...................................................................................................................10

## TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Amp Plus, Inc. v. DMF, Inc.*,
   2020 WL 6811241 (P.T.A.B. Nov. 19, 2020) ........................................................................ 7

*Bausch & Lomb Inc. v. Rexall Sundown, Inc.*,
   554 F. Supp. 2d 386 (W.D.N.Y. 2008) ................................................................................ 5

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
   2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ...................................................................... 2

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
   543 F.3d 665 (Fed. Cir. 2008) ............................................................................................ 3

*Elmer v. ICC Fabricating, Inc.*,
   67 F.3d 1571 (Fed. Cir. 1995) ............................................................................................ 4

*Fairfield Indus. Inc. v. Seabed Geosolutions (US) Inc.*,
   2019 WL 212333 (S.D. Tex. Jan. 16, 2019) ........................................................................ 2

*Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*,
   2009 WL 3162213 (W.D.N.Y. Sept. 28, 2009) .................................................................. 5

*K.G. Motors, Inc. v. Specialized Bicycle Components, Inc.*,
   2009 WL 2179129 (W.D.N.Y. July 22, 2009) .................................................................... 5

*Kyntec Corp. v. ITT Enidine, Inc.*,
   2015 WL 13568131 (W.D.N.Y. June 19, 2015) ................................................................. 5

*LBT IP II LLC v. Uber Techs. Inc.*,
   2023 WL 322894 (N.D. Cal. Jan. 19, 2023) ....................................................................... 2

*Liberty Pumps, Inc. v. Little Giant Pump Co.*,
   6:03-CV-06470, Dkt. 46 (W.D.N.Y. March 19, 2004) ...................................................... 5

*NEC Corp. v. Peloton Interactive, Inc.*,
   2024 WL 1533952 (D. Del. Apr. 9, 2024) .......................................................................... 2

*Perricone v. Unimed Nutritional Servs., Inc.*,
   2002 WL 31075868 (D.Conn. July 18, 2002) .................................................................... 5

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*,
   2024 WL 1546973 (W.D. Tex. Mar. 5, 2024) .................................................................... 2

*Realtime Data, LLC v. Morgan Stanley*,
   554 F. App'x 923 (Fed. Cir. 2014) ..................................................................................... 3

# TABLE OF AUTHORITIES - cont'd

PAGE

*Security First Innovations, LLC v. Google LLC*,
   2024 WL 5056258 (E.D. Va. Dec. 10, 2024) ................................................................. 2

*Signify N. Am. Corp. v. Menard, Inc.*,
   2024 WL 4367542 (W.D. Wis. Oct. 1, 2024) .................................................................. 2

*Skyline Steel, LLC v. PilePro LLC*,
   2015 WL 556545 (S.D.N.Y. Feb. 9, 2015) ...................................................................... 9

*Snyder Seed Corp. v. Scrypton Sys., Inc.*,
   1999 WL 605701 (W.D.N.Y. June 11, 1999) .................................................................. 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   277 F.R.D. 84 (W.D.N.Y. 2011) ................................................................................. 5, 6

*Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*,
   Case No. 1:12-cv-00904-EAW-JJM, Dkt. 184 (W.D.N.Y Mar. 9, 2015) ....................... 4

*Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*,
   2013 WL 5567499 (W.D.N.Y. Oct. 8, 2013) .................................................................. 4

*Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*,
   2011 WL 3608064 (W.D.N.Y. Aug. 15, 2011) ............................................................... 4

*ZeaVision, LLC v. Bausch & Lomb Inc.*
   2022 WL 715013 (E.D. Mo. Mar. 10, 2022) ............................................................. 2, 8

**Constitutional Provisions & Statutes**

28 U.S.C. § 1746 .................................................................................................................. 7

35 U.S.C. § 102 .................................................................................................................... 2

35 U.S.C. § 284 .................................................................................................................... 8

35 U.S.C. § 287(a) ............................................................................................................... 8

## **Introduction**

The USPTO's reexamination order ("PTO Order") confirmed what Defendant Chikee Electrical Motor & Appliance Industrial Co., Ltd.'s ("Chikee") has argued from the outset: Allanson Lighting Technologies, Inc.'s ("Allanson") infringement claims are meritless for lack of priority and invalidity based on prior art. But Allanson persists, arguing that this litigation should proceed because reexamination impacts only a single patent, while ignoring that all asserted patents are *directly related* and directed to the *same* LED fixtures.

In desperation, Allanson goes so far as to propose withdrawing its utility patent claims here, while continuing to assert its design patents. This underscores the need for a stay. Allanson will presumably reassert any amended utility patent claims that survive reexamination later, duplicating claim construction and validity proceedings—or worse, a second, full-scale patent trial.

Allanson's remaining arguments—the supposed reluctance of this Court to stay cases between direct competitors, prejudice, and delay—are equally unpersuasive. Stays are routinely granted in cases between direct competitors, including by this Court. Moreover, Allanson's own delay in filing and prosecuting its claims undermines any assertion of prejudice, and damages will be available at the end of the stay if Alllanson were ultimately to prevail.

Chikee's motion should be granted to allow the Court to avail itself of the USPTO's expertise, which will determine the scope and patentability of the patents in dispute.

**Argument**

### I. REEXAMINATION SIMPLIFIES THE ISSUES BEFORE THIS COURT

Courts recognize that staying an entire infringement action can simplify issues before the court even when only some asserted patents are under administrative review and when the proceeding will not resolve all claims.[1] Here, the PTO Order identified seven substantial new questions of patentability for all seventeen claims of U.S. Patent No. 10,801,680 ("the '680 Patent"). Dkt. 37-1 at 5, 10-17. The PTO's expert analysis on claim construction, priority, and invalidity will, at minimum, clarify the issues before the Court and potentially resolve the dispute as to at least those seventeen claims if they are invalidated.

The PTO Order determined that the '680 Patent is not entitled to any claimed priority date, giving it and its two child utility patents asserted here an earliest effective filing date of March 1, 2019. *Id*. at 5-6. This finding invalidates all three asserted utility patents under 35 U.S.C. § 102, as Allanson publicly disclosed and sold its LED fixtures roughly a decade before the patents' earliest filing date. Reexamination has already simplified the dispute as to

---

[1] *See Security First Innovations, LLC v. Google LLC*, 2024 WL 5056258, at *2-4 (E.D. Va. Dec. 10, 2024); *accord NEC Corp. v. Peloton Interactive, Inc.*, 2024 WL 1533952, at *2 (D. Del. Apr. 9, 2024); *Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, 2024 WL 1546973, at *3 (W.D. Tex. Mar. 5, 2024); *Signify N. Am. Corp. v. Menard, Inc.*, 2024 WL 4367542, at *1 (W.D. Wis. Oct. 1, 2024); *LBT IP II LLC v. Uber Techs. Inc.*, 2023 WL 322894, at *2-4 (N.D. Cal. Jan. 19, 2023); *ZeaVision, LLC v. Bausch & Lomb Inc.*, 2022 WL 715013, at *2-6 (E.D. Mo. Mar. 10, 2022); *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *Fairfield Indus. Inc. v. Seabed Geosolutions (US) Inc.*, 2019 WL 212333, at *2 (S.D. Tex. Jan. 16, 2019).

three of the five asserted patents and will further streamline the case by providing intrinsic evidence relevant to the remaining two design patents and prior art.

### A. The Familial Relationship Between Asserted Patents Necessarily Impacts Claim Construction

Allanson's opposition ignores the fact that the asserted design and utility patents: (1) share a *direct familial relationship*; and (2) are directed to the *same* LED fixture designs. Claim construction of all asserted patents, both design and utility, must account for the relevant prosecution history of patent family members that will develop during reexamination.[2] *See Realtime Data, LLC v. Morgan Stanley*, 554 F. App'x 923, 933-34 (Fed. Cir. 2014) (explaining that claim construction considers prosecution history, including statements made during reexamination and in related patents within the same family).

Here, the reexamination record is central to construing the asserted design patent claims. To overcome lack of priority and invalidity, Allanson will need to identify functional features of its LED fixtures that are supported solely by the design figures and that distinguish its invention from the prior art. *See* Dkt. 36-3 at 7-9. Such admissions bear directly on the Court's identification of functional and non-functional elements in claim construction. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008) (*en banc*) (construing a design patent claim requires distinguishing functional from ornamental elements and considering

---

[2]  If Allanson does not intend to correct the priority issue in reexamination, Chikee would agree that no relevant prosecution history would be developed. But Allanson intends to prosecute the '680 Patent—otherwise, all three asserted utility patents are invalid.

prosecution representations). Claim scope governs whether the asserted patents are valid and infringed. *See Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1574, 1577 (Fed. Cir. 1995).

Allanson relies principally on *Steuben* and *Steuben (GEA)*, in which certain patents subject to reexamination had no relationship to the remaining patents in dispute, aside from being applicable to different aspects of the accused bottling machines (e.g. a sterilization tunnel, a valve mechanism, and a high-speed disinfection and filling process). Dkt. 42 at 6-10 (citing *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 2011 WL 3608064, at *7 (W.D.N.Y. Aug. 15, 2011); *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, 2013 WL 5567499, at *4 (W.D.N.Y. Oct. 8, 2013)). Unsurprisingly, simplification was unlikely because the reexaminations could not affect claim construction or validity of unrelated patents. *See, e.g.*, *Steuben Foods*, 2011 WL 3608064, at *7.

At the forefront of *Steuben* and *Steuben (GEA)* was the concern that defendants across six different proceedings were filing staggered reexaminations and *inter partes* reviews ("IPR"), which could have indefinitely delayed the litigations. *Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, Case No. 1:12-cv-00904-EAW-JJM, Dkt. 184 at *2, 7 (W.D.N.Y. Mar. 9, 2015). No such concern exists here. Nevertheless, all six Steuben matters were later stayed after IPRs were instituted against all distinct patent families. *Id.* at *7, 9. The Court declined to extend its stay only after one defendant initiated a new IPR during the stay that could have lasted years, which was the type of delay the court had initially sought to avoid. *Id.* at *4, 6-8.

4

Allanson also overstates *Steuben (GEA)* as if it creates a blanket rule against stays where parties are direct competitors. That is demonstrably incorrect. Of the last fourteen stays granted pending reexamination in this District, all but one involved direct competitors.[3]

In sum, due to all asserted patents being directly related to one another, and directed to the same device, the '680 Patent reexamination will alter claim scope and produce an intrinsic record that materially affects the scope and validity of all patents in dispute. Either outcome of the PTO's reexamination will benefit the Court: by simplifying issues if claims are invalidated or by providing expert analysis if they are upheld. *See*, *e.g.*, *K.G. Motors, Inc.*, 2009 WL 2179129, at *4 (granting stay and holding that a finding of invalidity will conserve resources or affirmation will give Court expert analysis); *Perricone v. Unimed Nutritional Servs., Inc.*, 2002 WL 31075868, at *1-2 (D.Conn. July 18, 2002).

---

[3] *See Kyntec Corp. v. ITT Enidine, Inc.*, 2015 WL 13568131, at *1-2 (W.D.N.Y. June 19, 2015) (stay granted between direct competitors); *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011) (stay granted between non-competitors); *Steuben Foods (GEA)*, 12-cv-00904, Dkt. 139 (stay granted between direct competitors; extended to five related Steuben Foods cases also between direct competitors); *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 2009 WL 3162213, at *4 (W.D.N.Y. Sept. 28, 2009) (stay granted between direct competitors); *K.G. Motors, Inc. v. Specialized Bicycle Components, Inc.*, 2009 WL 2179129, at *1, 5 (W.D.N.Y. July 22, 2009) (stay granted between direct competitors); *Bausch & Lomb Inc. v. Rexall Sundown, Inc.*, 554 F. Supp. 2d 386, 388, 391 (W.D.N.Y. 2008) (stay granted between direct competitors); *Liberty Pumps, Inc. v. Little Giant Pump Co.*, 6:03-CV-06470 at Dkt. 46, at *1, 11-12 (W.D.N.Y. Mar. 19, 2004) (stay granted between direct competitors); *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701, at *1, 4 (W.D.N.Y. June 11, 1999) (stay granted between direct competitors).

### B. Allanson's Proposed Withdrawal Will Not Remove the Utility Patents from this Case

Allanson asserts it is "ready" to withdraw its utility patent infringement claims without prejudice. This is unavailing for two reasons. First, in the event Chikee's motion to dismiss is denied, its answer would include counterclaims for non-infringement and invalidity of those utility patent claims. Only a comprehensive judicial determination would eliminate the substantial risk that Allanson could later reassert the same patents, perpetuating legal uncertainty and chilling Chikee's business operations. Second, Allanson will likely assert any amended or surviving patent claims against Chikee after reexamination, resulting in duplicative litigation. Allanson's offer should be viewed with skepticism as it is really a promise of wasted resources and duplication which a stay will avoid.

### C. The Reexamination Prior Art is Relevant to Design Patent Validity

Allanson's claim that the prior art cited in reexamination has no relevance to the asserted design patents is implausible. All of the asserted patents cover the same LED lighting fixture designs. The only distinction is that the utility patents define scope through claim language, while the design patents define scope through illustrations of the very same fixture. Although the PTO Order does not expressly address the design patents, the same prior art plainly applies to them. Both the Court and the parties will benefit from the USPTO's analysis of that prior art, which will inform claim scope and validity issues across the entire patent family. *See Spread Spectrum Screening*, 277 F.R.D. at 87.

Allanson also seeks to undermine the strength of the reexamination on the puzzling basis that the Chevalier Declaration is "suspect" for being executed in 2019. As context,

that declaration is not advanced as prior art. It was submitted to confirm that a 2007 Imtra product catalog, which illustrates a lighting product nearly identical to Allanson's, was publicly available for the PTO's consideration. Dkt. 36-4, at *2, n.1.

Chikee discovered the Imtra prior art only a few weeks before filing its reexamination request, during a supplemental prior art search conducted for that purpose. These references had been cited in an IPR of U.S. Patent No. 9,964,266 at the PTO. *Amp Plus, Inc. v. DMF, Inc.*, 2020 WL 6811241, at *12 (P.T.A.B. Nov. 19, 2020). The Patent Trial and Appeal Board accepted the Chevalier Declaration despite a motion to exclude it and relied on the Imtra prior art to invalidate one of the claims at issue. *Id.* at *17, 23. A search of the USPTO database, Westlaw, or even Google would have resulted in Allanson finding that itself. Allanson's allegation that Chikee "withheld" this information since 2019 is unfounded.

Allanson's attack on the *form* of the declaration is equally meritless. The declarant's affirmation mirrors the text of 28 U.S.C. § 1746, as expressly accepted by the PTO. *See* MANUAL OF PATENT EXAMINING PROCEDURE § 602 (U.S. Patent & Trademark Off., 9th ed., Rev. 01.2024) ("[the PTO is] authorized to accept a statutory declaration under 28 U.S.C. 1746"). There is nothing "suspicious" about the Chevalier Declaration, nor is it deficient.

## II.   ALLANSON SUFFERS NO PREJUDICE FROM A STAY

### A.   Allanson Cannot Leapfrog Validity to Get to Damages

Allanson's argument that a stay pending reexamination will grant Chikee a royalty-free license puts the cart before the horse. Allanson may have a statutory right to damages only if its patents are actually valid, the very issue the reexamination will address.

Allanson's alleged entitlement to any royalty rests on validity and infringement, neither of which have been determined in this case. In the unlikely event that this case concludes with a finding that the asserted patents are held to be valid, enforceable, and infringed, Allanson will then be entitled to damages compensating it for any infringing activity conducted during the reexamination period.[4] *See generally* 35 U.S.C. § 284. *See, e.g., ZeaVision,* 2022 WL 715013, at * 4 (noting that a stay does not diminish damages, it only delays realization of damages).

### B.  Allanson's Lack of Diligence Vitiates Its Claim of Prejudice

Allanson offers no legitimate justification for waiting between a year and a year and a half (or more) before initiating suit.[5] That lackadaisical conduct continues—Allanson first sought a four-week extension to file its opposition based on the PTO Order. It then requested another four-week extension to review a prior art search it claimed would "support its analysis and inform the scope of its opposition," but its opposition does not refer to that search or explain how it could bear on this motion. Allanson also delayed the reexamination process. It did not submit a Patent Owner's Statement in response to the PTO Order, which would have allowed the

---

[4]  Allanson's failure to comply with 35 U.S.C. § 287(a) restricts any damages to the period after it filed suit. *See* Dkt. 31-4 at 18-20.

[5]  Allanson knew, between May and November 2023, that "Chikee was actively marketing the identical LED downlight fixture through . . . Alibaba.com . . . and through CaptiveAire's online store." *See* Dkt. 2-1 at 6-7. Rather than simply purchase a product from either channel, Allanson attempted to obtain a free sample through a strawman in November 2023. *See* Dkt. 2-1 at 7; Dkt. 42 at 16. When Chikee declined to provide a free sample, Allanson waited ***eight months***, until July 2024, to obtain a sample that had been publicly available the entire time that Allanson was aware of Chikee's allegedly infringing conduct. Even then, Allanson delayed another ***four months*** before filing suit. *See* Dkt. 1; Dkt. 2-2 at 2, 20. Allanson never even attempted to directly contact Chikee regarding its alleged infringement. *See* Dkt. 1 at ¶ 16; Dkt. 2-1 at ¶ 15.

PTO to consider its arguments. Nor did it notify the PTO of its intent not to file one, which would have permitted the reexamination to proceed immediately. The reexamination has thus remained idle. This pattern further underscores Allanson's lack of diligence and demonstrates the superficial nature of its purported "investigation."[6]

### III. ALLANSON HAS NO LEGITIMATE RESPONSE REGARDING THE STAGE OF LITIGATION

Allanson scarcely and half-heartedly addresses this factor, citing *Skyline Steel, LLC v. PilePro LLC,* 2015 WL 556545, at *3 (S.D.N.Y. Feb. 9, 2015). *Skyline Steel* is inapplicable. The stage of litigation factor "did not point strongly in either direction" even where discovery had been ongoing, the court had already held a claim construction hearing, and the defendant had filed a motion for partial summary judgment. None of this activity has occurred here. This case is in its infancy, a factor which strongly supports staying this case.

### IV. POINT III IS UNRELATED TO THIS MOTION

Allanson's "Point III" is irrelevant to this motion, but Chikee responds briefly to correct the record. First, Allanson alleges that "Chikee argues that the asserted design patents are invalid because their features can serve a functional purpose." Dkt. 42 at 19. Chikee made no such argument. Rather, Chikee's discussion of design patent functionality was limited to *claim*

---

[6] Notably, Allanson never checked whether Chikee held its own intellectual property relevant to this dispute or a history of U.S. product sales. Chikee owns two U.S. design patents directed to the Accused Light (U.S. Patent Nos. D1,021,197 and D1,022,286), five registered U.S. trademarks, and has a longstanding history of selling innovative products in the U.S. *See* Dkt. 31-4 at 3. Nor did Allanson evaluate the validity of its own patents until this summer when it decided to conduct a prior art search, years after learning of Chikee's allegedly infringing product. *See* Dkt. 40.

9

*construction*. Dkt. 36-3 at 7–9. The intrinsic record developed in reexamination "in turn, [will] alter (that is narrow or potentially eliminate) the scope of the corresponding features illustrated in the Asserted Design Patents." *Id.* at 9. This would ultimately confirm Chikee's prior art invalidity positions (*see id.* at 11) and/or support a finding of non-infringement with respect to the Accused Light, without expending unnecessary judicial or party resources. Second, with respect to Allanson's remarks regarding prosecution history estoppel, Chikee need only note that Allanson relies on utility patent cases irrelevant to estoppel arising from a design patent election requirement, and cites just one pertinent case—which supports Chikee's position that Allanson cannot broaden its design patents to recapture the very design it surrendered during examination.

## Conclusion

For the foregoing reasons and reasons set forth in its opening papers, Chikee respectfully requests the Court stay this litigation pending the conclusion of the *ex parte* reexamination of the '680 Patent.

Dated:        September 10, 2025

>                                **HODGSON RUSS LLP**
>                                *Attorneys for Defendant, Chikee Electrical*
>                                *Motor & Appliance Industrial, Co., Ltd*
>
>                                By:        s/Charles S. Rauch
>                                        Jodyann Galvin
>                                        Charles S. Rauch
>                                The Guaranty Building
>                                140 Pearl Street, Suite 100
>                                Buffalo, NY  14202-4040
>                                716.856.4000

67930509v3