UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALLANSON LIGHTING TECHNOLOGIES, INC.,

Plaintiff,

-vs-

CHIKEE ELECTRICAL MOTOR & APPLIANCE INDUSTRIAL CO., LTD.,

Defendant.

---

DECISION AND ORDER

24-CV-1097-MAV

## INTRODUCTION

This is an action brought by Plaintiff Allanson Lighting Technologies, Inc. ("Allanson") against Defendant Chikee Electrical Motor & Appliance Industrial Co., Ltd. ("Chikee"), for patent infringement. The matter is presently before the Court on Chikee's motion to stay the action pending resolution of an *ex parte* reexamination of one of Allanson's patents by the United States Patent and Trademark Office ("USPTO"). ECF No. 36. Allanson opposes Chikee's motion, as well as the Court's consideration of the "Notice of Material Post-Briefing Developments" that Chikee filed to provide an update regarding the USPTO's progress on the *ex parte* reexamination. ECF Nos. 42, 46. For the reasons that follow, Chikee's motion to stay is denied.

## BACKGROUND

This litigation centers around five U.S. patents related to LED light fixtures for kitchen exhaust hoods: U.S. Patent Nos. 10,801,680 (the "'680 Patent"), 11,384,909 (the "909 Patent"), 11,644,162 (the "162 Patent"), D850,695 (the "695

Patent"), and D921,268 (the "268 Patent"). ECF No. 1 ¶ 27.

Allanson alleges that it was a primary supplier of LED light fixtures for CaptiveAire Inc.'s kitchen exhaust hoods between 2018 and 2023. *Id.* ¶ 13. In May 2023, however, CaptiveAire notified Allanson that the company would be using a different supplier of LED light fixtures for their kitchen exhaust hoods. *Id.* ¶ 14. In October or November 2023, Allanson learned that CaptiveAire's new supplier was Chikee. *Id.* ¶ 15.

Allanson alleges that:

> Chikee's Recessed LED Downlight bears striking similarities to Allanson's patented design. It appears to incorporate Allanson's innovative heat dissipation system, specialized mounting mechanism, and proprietary optical design . . . . These patented elements are not merely cosmetic; they are fundamental to the fixture's performance, efficiency, and suitability for kitchen exhaust hood applications.

*Id.* ¶ 20. Allanson believes that Chikee is marketing and selling its LED light fixture at significantly lower prices than Allanson, undercutting Allanson in the market. *Id.* ¶ 22.

In November 2024, Allanson initiated the instant action by filing a complaint, and motions for a temporary restraining order, a preliminary injunction, and for authorization to utilize an alternative service of process. ECF Nos. 1, 2. The matter was initially assigned to the Honorable John L. Sinatra, Jr., who granted Allanson's request for alternative service, and issued a scheduling order on the motion for a temporary restraining order. ECF No. 5. Soon thereafter, the matter was transferred to the undersigned. ECF No. 16.

On December 3, 2024, the parties notified the Court by letter of Allanson's

agreement to withdraw its motion for a temporary restraining order, and of the parties' intent to engage in "discussions to potentially avoid further litigation on the preliminary injunction and underlying lawsuit." ECF No. 17. Over the ensuing six months, the parties requested – and the Court granted – multiple extensions on Chikee's deadline to file an answer or otherwise respond to Allanson's complaint as the parties continued their settlement discussions. *See* ECF Nos. 18–29. On May 5, 2025, Chikee filed a motion to dismiss Allanson's complaint (ECF No. 31), but also filed a letter indicating that the parties continued to explore settlement, and asked the Court to refrain from entering a scheduling order on the motion to dismiss until the parties exhausted their discussions (ECF No. 32).

On May 21, 2025, Allanson notified the Court that the parties had reached an impasse in their settlement discussions, and asked the Court to hold all pending motions in abeyance while Chikee prepared and filed a motion to stay this matter, and Allanson prepared its response in opposition. ECF No. 34. On May 30, 2025, Chikee filed the motion to stay that is presently before the Court. ECF No. 36. In its motion to stay, Chikee noted that it had requested an *ex parte* reexamination of the 680 Patent by the USPTO, and maintained that "[a] stay is warranted at this early stage of the case to allow the PTO – an expert agency – to evaluate substantial new questions of patentability that directly affect the construction and validity of all asserted patents." ECF No. 36-3 at 5.[1] Allanson responded in opposition on August 21, 2025, arguing that a stay is not warranted in this matter because even if Chikee's

[1] Page references in this decision are to the pagination generated by the Court's CM/ECF system, located in the upper right-hand corner of each document.

challenge to the 680 Patent, a utility patent, is successful, the Court must still adjudicate Allanson's claims of infringement of its design patents (the 695 Patent and the 268 Patent). ECF No. 42.

On September 4, 2026, Chikee filed a notice of material post-briefing developments, informing the Court of the USPTO's progress on its *ex parte* reexamination of the 680 Patent, and of Chikee's request that the USPTO also conduct an *ex parte* reexamination of the 695 Patent. ECF No. 44. In short, Chikee reported that the USPTO indicated that the reexamination would result in the cancellation of Allanson's claims in the 680 Patent, and that Chikee had raised "substantial new questions of patentability" with respect to the 695 Patent. *Id.*

Allanson has objected to Chikee's filing as an "unauthorized sur-reply." ECF No. 46. Allanson argues that the Court should strike Chikee's notice or, alternatively, allow Allanson a full opportunity to respond to what it characterizes as Chikee's overstatement of the USPTO record. *Id.*

## LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Although the commencement of reexamination proceedings does not operate as an automatic stay of federal court litigation involving identical claims, a district court retains the authority, pursuant to its inherent power to control and manage its docket, to stay an action pending the outcome of reexamination proceedings before

the PTO." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 277 F.R.D. 84, 87 (W.D.N.Y. 2011) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988); *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Nevertheless, "a stay is an intrusion into the ordinary processes of administration and judicial review, and . . . should be granted only in 'rare circumstances.'" *Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) (quoting, *inter alia*, *Maldonado-Padilla v. Holder*, 651 F.3d 325, 328 (2d Cir. 2011)).

"In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox*, 69 F. Supp. 2d at 406.

## DISCUSSION

Chikee maintains that all three "stay factors" weigh in favor of granting a stay in this action. ECF No. 36-3. It argues that a stay is not unduly prejudicial because at this stage of the litigation, neither of the parties has invested significant resources into the litigation, and a stay does not provide Chikee with an unfair tactical advantage. *Id.* at 16–17. It argues that a stay will simplify the issues in the case because the USPTO's *ex parte* reexamination could potentially render some or all of the patents invalid, or at least significantly influence claim construction. *Id.* at 10–15. Lastly, it argues that the stage of litigation weighs in favor of a stay because the

case is in its very early stages. *Id.* at 18.

Allanson, on the other hand, maintains that all three stay factors weigh *against* a stay, arguing that "Chikee's request for a stay is not an appeal to efficiency – it is a gamble on delay." ECF No. 42 at 3. Allanson contends that a stay will not simplify the issues because the litigation over the design patents must continue irrespective of the reexamination of the 680 Patent (*Id.* at 5–14); that a stay would unduly prejudice the company, as Chikee is a direct competitor, and Allanson has already lost a key customer and nearly $6 million in revenue due to Chikee's alleged infringement and stands to lose millions more given the length of the typical patent reexamination process (*Id.* at 14–19); and, that although discovery has not been completed and no trial date has been set, "'staying a case even in its early stages pending reexamination [will] not lead to the just, speedy, and efficient management of the litigation . . . .'" (*Id.* at 18–19 (quoting *Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 U.S. Dist. LEXIS 15647, at * 9 (S.D.N.Y. Feb. 9, 2015)).

**I. Undue Prejudice**

The "undue prejudice" factor weighs against granting a stay in this matter. Some courts in this Circuit consider "[f]our subfactors [as] germane to the undue prejudice inquiry: (1) the timing of the request for the review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*, 818 F. Supp. 3d 350, 354 (E.D.N.Y. 2026) (quoting *Think Prods., Inc. v. ACCO Brands Corp.*, No. 14-cv-6659, 2015 WL 13955492, at *2 (E.D.N.Y. June 19, 2015)).

The Court finds that neither of the first two subfactors indicate undue prejudice. Chikee indicates it filed its request for *ex parte* reexamination with the USPTO on May 21, 2025, the same day it notified the Court that attempts at settlement with Allanson had reached an impasse and filed its motion to dismiss, and Chikee filed its motion for a stay less than two weeks later. *See* ECF. Nos. 36, 36-3 at 6. Further, with respect to the third subfactor, the status of the review proceeding, although the *ex parte* reexamination process is apparently time-consuming,[2] it is well-settled that "delay alone is insufficient to prevent a stay." *Spread Spectrum Screening LLC*, 277 F.R.D. at 88 (citation omitted).

The fourth subfactor, however, weighs against a stay in this action. "An important factor in determining if a stay will prejudice the plaintiff is whether the parties are direct competitors . . . because there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014) (internal quotation marks and citations omitted).

In light of Allanson's representation of additional continuing sales by Chikee within the United States, and direct competition between the parties for market share in the market for LED light fixtures for industrial kitchen assemblies, the

[2] *See, e.g., Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11 CIV. 2930 LBS, 2012 WL 2899077, at *3 (S.D.N.Y. July 16, 2012) (citing *Xerox Corp.*, 69 F. Supp. 2d at 406 n. 1 ("excluding appeals, reexamination generally takes 19 months")).

Court finds that a stay of this proceeding would prejudice Allanson. *See Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 12-CV-0904S SR, 2013 WL 5567499, at *4 (W.D.N.Y. Oct. 8, 2013) (collecting cases, including *Nippon Steel & Sumito Metal Corp. v. Posco*, No. 12–2429, 2013 WL 1867042, at *5 (D.N.J. May 2, 2013) ("But when parties are directly competing and the landscape of the relevant market is changing, it presents a circumstance where justice demands that the allegedly aggrieved party be given an opportunity to litigate its claims—and sooner rather than later.")).

**II. Simplification**

The Court finds that the "simplification" factor weighs neither for nor against a stay. To be sure, other judges both within this District and beyond have recognized that "[d]eferring determinations of patent validity to the PTO offers many advantages, including the following:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without further use of the Court.
>
> 5. The record of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
>
> 7. The cost will likely be reduced for the parties and the Court.

*Spread Spectrum Screening LLC*, 277 F.R.D. at 87–88 (quoting *Snyder Seed Corp. v. Scrypton Sys., Inc.*, 1999 WL 605701, *2 (W.D.N.Y. 1999) (internal citation omitted)).

Nevertheless, other considerations suggest that a stay for further *ex parte* reexamination proceedings may not be likely to narrow or simplify the issues for trial:

> In particular, whereas "*[i]nter parte* reexaminations provide a third party the right to participate in the reexamination process and, thus, have a res judicata effect on the third party requester in any subsequent or concurrent civil action .... *[e]x parte* reexaminations . . . do not bar the requestor from relitigating the exact same issues in district court." *eComsystems, Inc. v. Shared Marketing Services, Inc.*, 2011 WL 280942, at * 2 (M.D. Fla. Jan. 26, 2011) (citing 35 U.S.C. §§ 314–315). *See also Nidec Corporation v. LG Innotek Co., Ltd.*, 2009 WL 3673433, (E.D. Tex. 2009) ("the *ex parte* nature of the reexamination does not prevent Defendants from asserting the same issues of invalidity currently before the USPTO. Thus, simplification of the issues in this litigation will not necessarily result from reexamination."); *Tomco2 Equip. Co. v. S.E. Agri–Systems, Inc.*, 542 F. Supp. 2d 1303, 1309 (N.D. Ga. 2008) ("an *inter partes* reexamination, in contrast to the *ex parte* reexamination, has great potential for simplifying issues. It has res judicata effect, and it allows the court to consider the expertise of the PTO before making its own conclusions."); and *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 616 (E.D. Tex. 2007) ("the newer *inter partes* procedure is more likely to result in simplification, because both parties are bound by the result . . . .").
>
> Moreover, the supposed factor of "'awkwardness'", i.e., if the PTO and the district court reach different conclusions in an infringement action, is "'more apparent than real.'" *Xerox Corp.*, 69 F. Supp. 2d at 407 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed.Cir. 1988)). In particular, "[t]he two forums take different approaches in determining the invalidity and on the same evidence could quite correctly come to different conclusions." *Id.* In litigation before the district court, "a patent is presumed valid and the party asserting invalidity must prove the facts to establish invalidity of each claim by clear and convincing evidence." *Xerox Corp.*, 69 F. Supp. 2d at 407 (citing 35 U.S.C. § 282, and *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 974 (Fed. Cir. 1986)). In a reexamination process before the PTO, however, "there is no presumption of validity and there must only be a preponderance of the evidence to show nonpatentability before the PTO may reject the patent claim(s)." *Id.* (citing *Quigg*, 849 F.2d at 1427). Then, even where the

> PTO's determination by preponderance of the evidence invalidates a patent, no inconsistency arises upon a contrary finding by the district court based on clear and convincing evidence. Furthermore, if the district court determines a patent-in-suit is not invalid, the doctrine of collateral estoppel will not bar the PTO's continuation of the reexamination process because of the two different standards of proof for determining invalidity. *Id.* at 407–08 (citing *Quigg*, 849 F.2d at 1429 n. 3). Nevertheless, if the district court determines the patent is invalid, and such determination either is upheld on appeal, or is not appealed, the district court's order will have res judicata effect on the PTO's reexamination process provided the "'patentee has had a full and fair chance to litigate the validity of his patent.'" *Id.*

*Fisher-Price, Inc. v. Kids II, Inc.*, No. 10-CV-00988A F, 2011 WL 6409665, at *4–5 (W.D.N.Y. Dec. 21, 2011).

**III. Stage of Litigation**

Similarly, the Court finds that the "stage of litigation" factor weighs neither for nor against a stay in this matter. Generally, the stage of the proceedings weighs in favor of a stay when an action is in the early stages of its lifespan. *See Fleet Connect Sols. LLC*, 818 F. Supp. 3d at 354 (citing *CDX Diagnostics, Inc.*, 2014 WL 2854656, at *4). However, "the early stage of the litigation must be balanced against the stage of the reexamination proceedings." *Imagevision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12–054, 2013 WL 663535, *4 (D.Del. Feb.25, 2013); *see also Steuben Foods, Inc.*, 2013 WL 5567499, at *5. Here, while Chikee's notice in early September 2026 indicated that the *ex parte* reexamination of the 680 Patent was in its final stages, the notice also indicated that proceedings with respect to the 695 Patent were still underway. ECF No. 44. Further, 35 U.S.C. § 306 affords Allanson appeal rights to both the Patent Trial and Appeal Board (35 U.S.C. § 134) and to the Federal Circuit (35 U.S.C. § 141), for both the 680 Patent and 695 Patent *ex parte*

reexamination proceedings.

## CONCLUSION

In sum, the Court finds that the undue prejudice factor weighs against a stay, and that both the simplification factor and stage of litigation factor are neutral. Therefore, the Court declines to grant Chikee's motion for a stay. Further, it appears that due to the parties' attempts at settlement, neither Allanson's motion for a preliminary injunction [ECF No. 2] nor Chikee's motion to dismiss [ECF No. 31] are ready for decision because neither were ever fully briefed.

For the foregoing reasons, it is hereby

ORDERED that Chikee's motion to stay the proceedings [ECF No. 36] is DENIED; and it is further

ORDERED that the parties are directed to confer and propose to the Court on or before October 9, 2026, a briefing schedule for Allanson's motion for a preliminary injunction [ECF No. 2] and Chikee's motion to dismiss [ECF No. 31], which in both instances may include amendment or supplemental briefing by the movant to bring the motions up to date.

SO ORDERED.

Dated: September 29, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge